IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

3 : 2 3 cv    345

**TODD HARRISON (Pro-Se)**     :
3205 Dandridge Avenue
Dayton, OH 45402     :
(937) 856-2512
    :

         Plaintiff,         :

vs.     :

    :

    ) DAYTON MUNICIPAL
COURT OF OHIO     :

**CHRISTOPHER ROBERT**     :
301 W. Third St. CRT/RM 4A
Dayton, OH 45422     :

         Defendant     :

**CHRISTOPHER STURM**     :
248 Salem Ave
Dayton, OH 45406     :

**CHELSEA A. WEITZ**     :
**DORIAN L. MERCER**
**JASON E. RHODES**     :
**VINCENT CARTER**
**JARED BURSON**     :
**JEREMY STEWART**
**JOSEPH AMBROSE**     :
**JOSHUA HUBER**
**CODY LINDSEY**     :
335 W. Third St.
Dayton, OH 45402     :

    :

         /Dayton Police Dept.
    :

**ALISHA SCHRINER**     :
301 W. Third St., Suite #372
Dayton, Ohio 45422

Case Number: _____

District Judge:   **WALTER H. RICE**

Magistrate Judge: _____

     **CAROLINE H. GENTRY**

UNDER 28 U.S.C. § 1455(a)(b)(1)
(FEDERAL QUESTION OF LAW)

     "COMPLAINT"

BASED UPON FRAUD, FRAUDULENT
MISREPRESENTATION; TAMPERING
& PLACING FRAUD UPON COURT
WITH UNCLEAN HANDS

Defendant (Agent to     :
The Prosecutor Attorney Office)
and does 1 thru 100 Defendant(s). :

---

THE PLAINTIFF MOVES THIS ACTION UNDER THE EMERGENCY AND EXTRAORDINARY CIRCUMSTANCES. THIS NOTICE OF REMOVAL IS FILED UNDER: (1) THE FEDERAL QUESTION OF LAW, (2) CIVIL STATE & FEDERAL RIGHTS VIOLATIONS UNDER THE 4TH, 5TH & 14TH AMENDMENTS TO OHIO & UNITED STATES CONSTITUTIONS; (3) DEPRIVATION UNDER THE COLOR TITLE 18 U.S.C. §241; §242; & TITLE 42 U.S.C. §1983; AND (4) TAMPERING WITH AN OFFICIAL DOCUMENTS AND EVIDENCE; (5) FRAUD AND (6) FRAUDULENT MISREPRESENTION; (7) IMPLANTING FALSE MISLEADING STATEMENTS & INFORMATION  ON OATH; (8) VIOLATIONS AND INFRINGEMENT OF THE PLAINTIFF'S RIGHTS UNDER THE 4TH, 5TH & 14TH AMENDMENTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS OF "DUE PROCESS CLAUSES" AND UNDER "THE EQUAL PROTECTION OF THE LAW" CIVILLYAND (9) PLACING FRAUD UPON THE COURT [EX.'S "A & B"] & ["C-THRU-N"] IS DIRECT EVIDENCE

---

1.      Comes now, the **PLAINTIFF TODD HARRISON**, by and through (**Pro-se In Formal Pauperis**) and file this Notice of Removal for good causes and with good faith. The Plaintiff reserves his rights to amend; to add other defendants and/or to be converted into a Title 42 U.S.C. 1983 under a Civil Action.

<u>TO THE CLERK OF THE ABOVE-ENTITLED COURT:</u>

2.      **PLEASE TAKE NOTICE:** That these third party agents to the principle of the State of Ohio, which are named above as the Defendant(s) have constitutionally violated the **PLAINTIFF TODD HARRISON** Federal United States Civil & Constitutional Rights under the 4TH, 5th & 14th Amendments under the OH Bill of Rights Article (I-10) and that will be articulated within the complaint & pleadings and the plaintiff does hereby give this Honorable Court his  "**NOTICE**          ." for Case No: #2023-TRC-4090, from the Dayton **MUNICIPAL COURT TRAFFIC DIVISION** within Montgomery County,

2.

Ohio located at 301 W. Third Street in Dayton, Ohio 45422.

3.　　Pursuant to **28 U.S.C. § 1455(a)(b)(1),** as for the grounds for removal and addition to Plaintiff's Substantive & Procedurals Rights to "**DUE PROCESS**" & "**EQUAL PROTECTION UNDER THE LAW**", which were violated by the **N.A.O. MEMBER CHRISTOPHER STUM** with the Dayton Police Department, its police officers and the Mont. Co. State Prosecuting Attorney Office, who all knowingly infringed upon the Plaintiff's Harrison's protected common law guaranteed rights that were deprived & interfered with by the State of Ohio Government Agency and its police officers agency as agents to the State.

4.　　The Plaintiff has Federal Protected Rights to travel freely without any inferences or oppression. <u>U.S. SUPREME COURT AND OTHER HIGH COURT CITATIONS PROVING THAT NO LICENSE IS NECESSARY FOR NORMAL USE OF AN AUTOMOBILE ON COMMON WAYS.</u> "The right of a citizen to travel upon the public highways and to transport his property thereon, by horse drawn carriage, wagon, or automobile, is not a mere privilege which may be permitted or prohibited at will, but a common right which he has under his right to life, liberty and the pursuit of happiness. Under this constitutional guaranty one may, therefore, under normal conditions, travel at his inclination along the public highways or in public places, and while conducting himself in an orderly and decent manner, neither interfering with nor disturbing another's rights, he will be protected, not only in his person, but in his safe conduct."

- *Thompson v. Smith, <u>154 SE 579</u>, 11 American Jurisprudence, Constitutional Law, section 329, page 1135 "The right of the Citizen to travel upon the public highways and to transport his property thereon, in the ordinary course of life and business, is a common right which he has under the right to enjoy life and liberty, to acquire and possess property, and to pursue happiness and safety."*

3.

*It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purpose of life and business. Thompson vs. Smith, supra.; Teche Lines vs. Danforth, Miss., 12 S.2d 784 "... <u>the right of the citizen to drive on a public street with freedom from police interference</u>... <u>is a fundamental constitutional right</u>" -White, 97 Cal.App.3d.141, <u>158 Cal. Rptr. 562, 566-67</u> (1979) "citizens have a right to drive upon the public streets of the District of Columbia or any other city absent a constitutionally sound reason for limiting their access."*

- *Caneisha Mills v. D.C. 2009 "The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the RIGHT to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the Constitutional guarantees. . ."Berberian v. Lussier (1958) <u>139 A2d 869, 872</u>, See also: Schecter v. Killingsworth, <u>380 P.2d 136, 140</u>; <u>93 Ariz. 273</u> (1963). "The right to operate a motor vehicle [an automobile] upon the public streets and highways is not a mere privilege. It is a right of liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions."*

- *Adams v. City of Pocatello, <u>416 P.2d 46, 48</u>; <u>91 Idaho 99</u> (1966). "A traveler has an equal right to employ an automobile as a means of transportation and to occupy the public highways with other vehicles in common use." Campbell v. Walker, 78 Atl. 601, 603, 2 Boyce (Del.) 41. "The owner of an automobile has the same right as the owner of other vehicles to use the highway,* * * A traveler on foot has the same right to the use of the public highways as an automobile or any other vehicle."*

5.     The Plaintiff was being tracked and following, threating, stalking and harassing the Dayton Police Department and other affiliates without cause, to wit, (*<u>Violating and Physically and Intentionally Depriving the Plaintiff of his Civil Rights under Title 18 U.S.C. §241; §242; & Title 42 U.S.C. §1983 & Plaintiff's Constitutional Rights under the 4TH, 5TH & 14TH Amendments to the Ohio and United States Constitutions</u>*).

6.     Please review and examine 08/16/2023 [**Ex.'s "A & B"**], the exhibited

4.

evidence submitted on behalf of **PLAINTIFF TODD HARRISON**, in regards to severe constitutional prejudicial technicalities committed during the process of this case has been unjust and biasedly ignored and that the equal justice of law has been knowingly and intentionally restricted, impeded and delayed, concealed, suppressed and withheld, causing Plaintiff Harrison, the following issues:

- (a) *prejudicial hardship*,
- (b) *injuries*,
- (c) *actual damages*,
- (d) *emotional distress*,
- (e) *unclean hands*,
- (f) *judicial misconduct of knowingly committing criminal acts*,
- (g) *criminal negligence*,
- (h) *Abuse of Power*
- (i) *fraud*,
- (j) *fraudulent misrepresentation*,
- (k) *false misleading statements*,
- (l) *tampering with officials documents and evidence,*
- (m) *placing fraud upon the court* and Etc.

7.    There were other government agents, who co-conspiring to assist and aid the wrong doers within the State of Ohio Judicial Court System of Original Jurisdiction.

8.    The Dayton Municipal Court (DMC) in Montgomery County, of Dayton, Ohio, have clear and convincing evidence of prosecuting attorney-misconduct and other grounds for removal of this case from State Court to the Federal District Court because of the federal right violations against the

5.

Plaintiff, do exist and that are factors to be considered under the federal questions of law.

9.      The State of Ohio is the Principle and its officers are agents to the principle, in this case have failed to comply with: (i) The Dayton Police Department General Order; (ii) the Montgomery County Local Rules; (iii) the Ohio Traffic Rules; (iv) the Ohio Criminal Rules and Procedures from the Ohio Revised Codes; (v) the Ohio Civil Rules Practice and Procedures; (vi) the Ohio Civil Rights, (vii) the Ohio Common Law Rights; (viii) the Ohio Constitutional Rights and (ix) the United States Constitutional Federal Rights.

10.     The judicial process of turning over all discoverable exculpatory material evidence within this **CASE NO: #2023-TRC-4090** is in violation and that the Plaintiff fears that he will not receive any fair justice or a trial and/or be given his equal protection of the law.

11.     The Plaintiff has been seeking state relief and demanded the flawed charges to be withdrawing and dismissed, based on the criminal acts, fraud, false misleading statements and information by the **N.A.O. MEMBER** and the **DAYTON POLICE OFFICERS**, that warrants the dismissal for the deficient, incomplete and invalid charges, which the DMC lacks Subject Matter Over the Plaintiff Person's is void, voidable and nullified. There was a seizure of personal property seized without a warrant nor did its agency give the Plaintiff any verifying property seizure report nor did its agency documented or inventoried the seized personal property, *(is a definite violation & a deprivation under the color of law and under the 4th Amend. to the Const.).*

## (A).   STATEMENT OF THE CASE AND HISTORY

6.

12.    On 09/29/2023 the Plaintiff, demanded for any and all operational of "**FULL DISCOVERY**" under Crim. R. 16, specifically [**Ex. "A-Def. Orig. Copy"**] that is in the custody, control and possession of the State Prosecuting Attorney Office. The plaintiff asked for other discoverable information and the **ASSIST. STATE PROSECUTOR ALISSA SCHRINER** stated that she was not going to turning over anything else, when the plaintiff timely requested all the original copies of the Complaint & Affidavit Citation and all carbon affixed copies, especially the Defendants copy to match the two police officers signatures, which is subject to suspiciously being forged by another police officer. The plaintiff was seeking a documents forensic expert to examine these reports & documents, but was denied this request and that these are strictly Brady violations. This is egregious depths of Malicious & Prosecutorial Misconduct, citing *Brady v. Maryland, 373 U.S. 83 (1963) PRIMARY HOLDING the government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process*.

13.    On 09/29/2023, the Plaintiff filed for the "**BILL OF PARTICULARS**" that has to be furnished to the Defendant Pursuant to ORC §2941.07 & Crim. R. 7, which on the date of Trial on 10/18/2023, was turned over during the proceedings and a hearing was being held first on the Plaintiff's Motions. This request was very untimely and late, [**Ex. "J"**] Response to the Defendants Request for Bill of Particulars that was filed by the **ASSIST. PROSECUTOR ALISSA SCHRINER** at or about 9:20AM, for only **COUNT ONE** of "**OPERATING A VEHICLE UNDER THE INFLUENCE**" and not the other two infractions, for Marked Lanes ORC 4511.33 and reasonable control ORC 4511.202. These would have been the infractions in order to overcome reasonable suspicious and probable cause theory, before attempting to get to an OVI investigation by OFF. WEITZ, the second officer to arrive on scene at 20:51/08:51pm time

line, but the material fact exist that this officer did not see a marked lanes or reasonable control acted being committed by the Plaintiff, nor did she initiated any moving traffic stop on this vehicle at the alleged time of the incident at 20:43/08:43pm at Gettysburg Avenue & Blueberry Street, in Dayton, Ohio. <u>The Response Bill of Particulars, does not give a specific location or time or where these minor infractions occurred at.</u> Neither Dayton Police Officers **WEITZ** or **MERCER** the writers and authors for the same single event, are both named as the arresting and issuing law enforcement officers on oath regarding the insufficient & incomplete Affidavit **Complaint & Citation Ticket No: #2005280** and **the defective ALS Complaint** <u>was not properly filled out nor was these complaints personally served upon the plaintiff.</u> <u>Both incomplete & invalid documents were written at two different places and at two different time frames.</u> <u>They were not written out at or on the scene and Plaintiff identifying personal information was still in back pocket, until, he was searched again by Mont. Co. Corr. Officers.</u> <u>Both Officers **WEITZ** or **MERCER** did not personally see the minor moving traffic infractions being committed on August 16, 2023, at or before Gettysburg Ave & Little Richmond Rd in Dayton, Ohio at the time of 20:44/08:44pm,</u> to officially cite these infractions and the material fact, is that both police officers were actually traveling on Germantown Pike and Paul Lawrence Dunbar Street, in Dayton, Ohio at the above noted time of the incident.

14.   On 09/29/2023 the Plaintiff further demanded and filed a "**<u>NOTICE OF THE STATES INTENTION TO USE EVIDENCE</u>**"; Pursuant to Crim. R. 12, which the Asst. State Pros. Atty., presented this unsigned notice on 10/18/2023, within the proceedings, with no time stamp, which she failed to file on the Trl. Crt. Doc. Jourl., with the DMC Clerk of Court, is problematic. See [**Ex.'s "K & L"**]. The prosecutor lied and stated "*As a result, the Defendant has, in essence a copy of the State's file in its entirety*". The Original Defendant's

8.

Copy was not turned over, as well as all Radio Dispatch Transcription calls made on 08/16/2023 by the DPD and the fact that there was some ex-part communication going on without the plaintiff being present, regarding this case "*Based upon the provided discovery and the facts set forth in the complaint, and discussion between the Court and counsel, Defendant is certainly on notice of the nature of the offense and the charged conduct*".

15.    On 10/04/2023 the plaintiff filed a request to "**COMPEL FULL DISCOVERY**" under the Brady Act and for Prosecutorial Misconduct, along with failure to turning over all Exculpatory and Non-Exculpatory material evidence in the case and that the Plaintiff was denied this by the State.

16.    10/06/2023, Defendant Moved "**PURSUANT TO RULE 201 TAKING JUDICIAL NOTICE**" regarding the two officers **WEITZ & MERCER** placing fraud upon the court on the merits and demanded the state prosecutor to withdraw all charges and the defendant cites malicious and prosecutorial misconduct and ethic codes of responsibilities was filed by defendant and Affidavit of Todd Harrison based on truth was attached.

17.    On 10/11/2023, the Plaintiff filed a "**MOTION TO APPOINT HANDWRITING AND AUTHENTICATED FORENSIC DOCUMENT EXAMINER EXPERT**". This Motion asked for court-paid extraordinary expert expenses for appointing Katherine Schoenberger and that the defendant is very indigent and qualifies. The Plaintiff written request for a "**DOCUMENT FORENSIC EXPERT KATHERINE SCHOENBERGER**" was regarding the suspicious signatures written on the Affidavit Complaint Citation Ticket # 2005280, is in the same style, font and signed signatures for two police officers, as the charging and issuing law enforcements officers, on oath and under the penalties of Perjury and Falsification to be true on the Court's Copy, but not

9.

on the Defendant's Copy. Which further suspects' fraud and fraudulent misrepresentation, regarding the infractions not cited in the Defendant's carbon copy. Therefore, (*violating the Plaintiff's 5th and 14th Amendments Rights to Due Process*). [Ex. "M"]

18. On 10/16/2023, Plaintiff filed a "MOTION FOR OUT OF TIME DEMAND FOR A JURY TRIAL" under Crim. R. 23 with leave of court filed by the defendant.

19. On 10/19/2023, Plaintiff filed a "REQUEST FOR TRANSCRIPT" filed by the defendant.

20. On 10/26/2023, Plaintiff filed a "MOTION TO TAKE DEPOSITIONS" with an Affidavit of Indigence filed by the defendant.

21. On 10/30/2023, Plaintiff filed a "MOTION TO SUPPRESS" filed by the defendant.

22. On 11/07/2023, Plaintiff filed a "MOTION TO SQUASH" the affidavit complaint & citation ticket with an attached "AFFIDAVIT OF TODD HARRISON" based on truth and addition to the defendant moving to "CHALLENGE JURISDICTION SUBJECT MATTER OVER PERSONS".

23. On or about August 16, 2023, TODD HARRISON the Plaintiff had a mental meltdown, which he was being followed and harassed by a DAYTON FEMALE POLICE OFFICERS, before the location of Gettysburg Ave and Little Richmond Road in Dayton, Ohio, who had no probable cause to act, harass and/or follow to conduct illegal tactical fishing exhibitions, which the unknown female police officer by name of only DANIEL OR DANNY had made contact with the N.A.O. Member and other Dayton Police Officers through ex parte communicational means. None of the Dayton Police Officers named

10.

initiated a moving traffic stop on the black 4 door vehicle on August 16th, 2023, at the time of the alleged incident noted as 20:43/08:43pm, which neither Dayton Police Officers never personally witnessed nor observed, the cited moving violations, infractions and charges of a "marked lane" or "reasonable control offense"; incident to probable cause for an OVI; incident to detain, search, seizure and arrest. Therefore, (*violating the Plaintiff's 4th Amendment Right*).

**(B).** **THE DEFICIENT, INCOMPLETE AND INVALID COMPLAINT AFFIDAVIT CITATION**

24.    On 08/16/2023, Plaintiff's "**COMPLAINT AFFIDAVIT CITATION COPY**" [**Ex. "A"**], which there is other required deficient, incomplete and invalid information not written on Defendant's copy comes with:

- (1) NO SUMMONS DATE;
- (2) NO ORC STATE STATUTE CHARGE;
- (3) NO OHIO STATE STATUTE SELECTION/CODE OR NUMBERS;
- (4) THERE IS NO REAL PERSON'S NAME;
- (5) NO ADDRESS;
- (6) NO CITY;
- (7) NO ZIP CODE;
- (8) NO OPERATOR LICENSE ID#;
- (9) NO DATE OF BIRTH;
- (10) NO 4 DIGIT SS#;
- (11) NO SEX;
- (12) NO HEIGHT;
- (13) NO WEIGHT;
- (14) NO EYES;
- (15) NO HAIR;
- (16) NO RACE;

11.

- (17) NO FINANCIAL RESPONSIBILITY PROOF, (*was false*);
- (18) NO ENDORSED SIGNATURE FROM THE PLAINTIFF;
- (19) NO ENDORSED SIGNATURE FROM THE CHARGING LAW ENFORCEMENT OFFICERS;
- (20) NO ENDORSED SIGNATURE FROM THE ISSUING LAW ENFORCEMENT OFFICERS.

25.     These technical issues cannot be amended, in which totally affects the entire case and the "**SUBJECT MATTERS JURISDICTION OVER THE PLAINTIFF'S HARRISONS PERSONS**", in which was not given to officers or the Court, nor did the plaintiff agree, with this matter upon contract to prosecute plaintiff for the lacking charges. [**Ex.'s "A-THRU-H & J"**]

**(C).   THE UNLAWFUL CONDUCT OF N.A.O. CHRISTOPHER STUM**

26.     On 08/16/2023, there was a **N.A.O. AGENT/MEMBER WITH THE DPD**, whose name and identity was being concealed and which the narrative contents of his writing, is in questioned, regarding a "witness to Alcohol or drug influence report" [**Ex. "E"**] is insufficient to #5 Could you smell an order of alcoholic beverage on the defendant's breath? (*is not marked or answered*); #6 was that odor strong, moderate, fate? (*is not marked or answered*); #7 was the defendant's speech slurred? (*is not marked or answered*); #8 were you able to understand the defendant's speech, yes, no? (*is not marked or answered*); #9 the defendant's face was normal, pale, flushed? (*is not marked or answered*); #10 the defendant's eyes were normal, watery, bloodshot? (*is not marked or answered*) and there was no "statement of witness" wrote or singed with a printed name. [**Ex. "F"**].

27.     On 08/16/2023 the Plaintiff stopped at Gettysburg Avenue and Little Richmond Road, because of **N.A.O. CHRISTOPHER STUM** <u>overhead emergency lights, which was on driving directly behind the Plaintiff</u>, which

was later identified on 11/10/2023 as the **N.A.O. MEMBER** without law enforcement credentials, who acted as an official police officer, did criminally & knowingly acted without judicial powers as a peace officer, illegally & within an unofficial capacity, conducted a unlawful moving traffic stops at Gettysburg Avenue and Little Richmond Road. The said **N.A.O. MEMBER CHRISTOPHER STUM** did not have a certified police officer certification to perform or acted in the official capacity of a law enforcement officer and he did willfully in fact commit the act of impersonation of a police officer violating ORC Section 2921.51. He did unlawfully act outside his N.A.O. program jurisdictional functional capacity and without the official capacity to do so, by the orders of his supervisor. The **NEIGHBORHOOD ASSISTANCE OFFICERS (NAO)** is a program that was established in 1970 as a **VOLUNTEER GROUP OF PRIVATE CITIZENS ASSISTING DAYTON POLICE OFFICERS**. The **(NAOS)** are restricted from as followed: **"DO NOT"** Carry weapons; **"DO NOT" Have any powers to arrest or detain and/or Assist in dangerous situations**, in which this **NAO MEMBER** violated. He unlawfully infringed upon Plaintiff Constitutional & Civil Rights, by violating the Plaintiff's Federal Freedom of Rights to freely travel without any intrusion. These unconstitutional acts committed by the N.A.O. Member deprived the Plaintiff from receiving the proper medical assistance, after having a mental meltdown, after being followed, stalked and harassed by an unknown and unidentified female police officer by the name of Danial/Danny, all comes with unclean hands. *The Plaintiff have severe unbalanced* & *psychiatric chronic symptoms and impairments of PTS, Bi-polar, schizophrenia, paranoid, hyperactivity of manic attacks, depression, anxiety, stress, insomnia, and etc., which Mr. Harrison should had been transported to a hospital or mental facility for immediate medical treatment*.

**(D). THE UNLAWFUL CONDUCT OF OFF. CHELSEA WEITZ**

13.

28.     On 08/16/2023, "**DAYTON POLICE DEPARTMENT OVI INVESTIGATION CASE SUMMARY**", is deficient, incomplete and invalid and there is no officers signed signature on the oath of the official document, even with regards to an alleged refusal, that plaintiff on more than (**12 times**) agreed to take and how at the time of being on scene and the officers total disregard in obtaining the Plaintiff live ID, which was in his back left pocket and was giving in the back seat of officer WEITZ cruiser, under the mental meltdown, was Todd Harrison and birth date of 11/08/1970. So how could the information written in the summary OVI investigation report, [**Ex. "D(1-2)"**] at the time of 20:44/08:44pm, be noted, as true, when in fact the Plaintiff's live ID was obtained by the Montgomery Correction Officers and Plaintiff was jailed for not having a live ID, was completely false and that the area on this document stating is the subject on any medication was never asked and the area of advised of right to refuse roadside testing question, is circled for yes, crossed out and circled for no and the false statement is that the plaintiff never stated that he would refuse the roadside testing, when it was never asked by either police officer on scene, (*is false, misleading, deceit and fraudulent misrepresentation and failure to follow and comply with the rules and procedures of law*).

### (E).    THE UNLAWFUL CONDUCT OF OFF. DORIAN MERCER

29.  On   08/16/2023,   "**REPORT   OF   LAW   ENFORCEMENT   OFFICER ADMINISTRATIVE LICENSE SUSPENSION**" (ALS), [**Ex. "C"**] is deficient, incomplete and invalid and how could **OFF. MERCER**, have plaintiff personal information at the time 20:44/08:44pm time of violation and at the time of 21:00/09:00pm, time of alleged refusal or test, if plaintiff was jailed for not having an live ID, which they all missed in plaintiff's back pocket, after two unlawful searches of plaintiff persons and body. Now in order for **OFF.**

14.

**MERCER** to obtain this information, would be through third party ex parte communication with **OFF. WEITZ**, while at the Montgomery County Jail and while **OFF. MERCER**, was at a total different location that being at 248 Salem Avenue Police Department, <u>while plaintiff was being jailed for not having a live ID</u> and <u>why</u> **OFF. MERCER** <u>report of law enforcement officer administrative license suspension official form was deficient, incomplete and invalid</u> with, which **OFF. MERCER** <u>did not circle</u> **(B)** Officer to complete for **ALL OVI/** physical control arrests: (**did not circle arrest type**); (**did not complete refusal to submit to test(s)** alcohol test result meaning portable breath test (PBT)); (**did not circle what test(s) were refused**); (**did not mark the box on the form for license was seized**), this would be false because he did not have physical possession of license. The <u>**(E)**</u> Paragraph (**was not incompliance of SFST or NHSTA**) and F. states complete below <u>ONLY</u> for **OVI/PHYSICAL CONTROL ARREST**: (**WE**) <u>the undersign</u> <u>certify that the advice prescribed by the General Assembly</u> (under R.C. 4511.191 & R.C. 4511.192), <u>was shown to person under arrest</u> and <u>read to him or her in the presence of the **ARRESTING OFFICER,**</u> (supposed to be **OFF. WEITZ**) and one other person and the fact that the arresting **OFF. WEITZ** (*<u>did not sign her signature on the signature line</u>*) nor (*<u>did any other witness sign the signature line on oath</u>*) and the following Affidavit of Arresting Officer is also deficient, incomplete and invalid, there is (*<u>no signature of Peace Officer</u>*), (*<u>no Notary Public signature</u>*) or (*<u>no Deputy Clerk of Court signature</u>*). .

## (F). <u>THE FALSE STATEMENT BY OFF. WEITZ THAT TODD HARRISON DID NOT HAVE A LIVE ID AND WAS JAILED FOR NOT HAVING ONE</u>

30.    The same exact narrative writing from **OFF. WEITZ**, suspiciously wrote the Complaint Citation Affidavit at the Mont. Co. Jail, after jailing plaintiff for not having an live ID, which was false. <u>It was radio dispatched</u> by **OFF.**

**WEITZ** <u>Plaintiff was being jailed for not having a live ID</u>, [**Ex. "G-(1-2)"**] <u>this officer did not radio into dispatch that Plaintiff Harrison was being jailed for a Mark Lane, Reasonable Control or an OVI</u>.

## (G). <u>OFF. MERCER DEFECTIVE ALS AFFIDAVIT OF COMPLAINT FORM</u>

31. **OFF. MERCER** wrote his <u>ALS citation</u> [**Ex. "C"**] at the Salem Police Department, which these two police officers where at two different locations and how could **OFF. MERCERS** sign his signature name to the "Complaint Citation Affidavit Ticket No. #2005280 <u>when he was not present at the Mont. Co. Jail</u>, when **OFF. WEITZ**, placed the Defendant deficient, incomplete and invalid copy in the Plaintiff's personal property without **OFF. MERCER** real certified signature being physically signed to this official affidavit document by him on oath and under the penalty of perjury and falsification to be read and true. **OFF. WEITZ** physically signed **OFF. MERCER** signature in her same own personal style type writing, which she is the only writer, author, and signer, which is clearly detailed in her same style writing shows in the entire Complaint Affidavit Citation, with her distinctive dotted (I's), is totally illegal. These are criminal acts committed by the said police officers that comes with uncleans hands and deception. These charges are defective and unofficially filed in State Court, which is based upon fraud; fraudulent misrepresentation, tampering and making false misleading statements to the Courts, cannot be ignored and accepted to be official and noted for the record ("*<u>THAT YOU CAN'T BE AT TWO PLACES AT ONCE, MEANING THAT A PERSON CANNOT BE AT TWO DIFFERENT PLACES AT THE SAME TIME</u>*).

## (H). <u>THE UNLAWFUL ACTIONS OF OFF. JASON RHODES & UNKNOWN PARTNER</u>

32. The two plain Clothe Dayton Police Officers without consent physically opened the vehicles driver door, one officer Jason Rhodes, reached in and

grabbed Plaintiff by his left pants leg and both officers held onto each wrist, which was detainment, before any uniform police officer arrived, but before the uniform police officers arrived, <u>Plaintiff was unlawfully physically searched and was not in handcuffs</u>. **OFF. RHODES** stated that he did know what was going on.

(I).  <u>ASSIST. STATE PROSECUTION ATTORNEY ALISSA SCHRINER FALSE STATEMENTS MADE ON 10/18/2023 IN AN OFFICIAL PROCEEDINGS AND FAILURE TO TURN OVER DISCOVERABLE EXCULPATRY EVIDENCE UNDER CRIM. R. 16; NOT FILING OR SIGNING THE STATES WITNESSES LISTS AND KNOWING ABOUT THE FALSE, FRAUDULENT, MISREPRESENTED, INCOMPLETE, DEFECTIVE REPORTS IS MALICIOUS & PROSECUTORIAL MISCONDUCT</u>

33.  The **STATE PROSECUTION ATTORNEY ALISSA SCHRINER** has maliciously & intentionally withheld, suppressed and concealed exculpatory material evidence, the Defendants original Affidavit Complaint Citation No: #2005280. The Asst. Prosecutor also lied in open Court in an official proceeding on 10/18/2023, "<u>of not having the radio dispatch call recordings</u>" and <u>not knowing the **N.A.O. MEMBERS** name and etc</u>.  All of the information from the said police officers are in questioned regarding one police officer signing an official affidavit document under the penalty of perjury and falsification to be read and is true, was false and misleading. These reports, affidavit complaint and other documents were attempted to be collected, compared and examined for the authenticity by a document expert, who was being requested and paid for from the extraordinary fees & funds for indigent defendants, which the Plaintiff qualified as being indigent and not able to pay the costs. <u>The questioned State Complaint and affixed Affidavit Citations consist of fraud and false misleading statements and allegations</u>. These documents and reports written by the two main police officers, who did not initiate any moving traffic stop on the vehicle plaintiff was in. **OFF.**

17.

WEITZ is the author, writer, signer and forger of the signature of another police officer MERCER, who was at an entire different place, location and time, during the physical writing at the Mont. Co. Jail, where the Plaintiff's live ID was obtained by the Montgomery County Correctional Officers, during another personal search of Plaintiff persons and body. The prosecuting attorney knows that she is representing false allegations and deficient, incomplete and invalid reports that are not sustainable. The prosecutor, the police officers are all manipulating the Trial Court and the prosecuting attorney has failed to respond to plaintiff's most convincing motions.

(J).  **THE OVI THREE REQUIRED STAGES AND PROCEDURAL STEPS WERE NOT PROPERLY FOLLOWED AND NOT IN COMPLIANCE BY OFF. WEITZ OR MERCER UNDER SFSTS WHICH MUST BE ADMINISTERED IN "SUBSTANTIAL COMPLIANCE" WITH THE NHTSA STANDARDIZED PROCEDURES IF NOT MET AFFECTS ANY FORM OF PROBABLE CAUSE**

34.  First issue is that either **OFF.'S WEITZ** or **MERCER**, did not personally witness the plaintiff exiting the vehicle. When both uniformed officers arrived the plaintiff was already without consent out of the vehicle. These two officers did not stop the vehicle. The OVI investigation was flawed, there was no dispatched radio calls stating that plaintiff was arrest for an OVI. Plaintiff was dispatched as being jailed for not having a live ID. There is no written report from the two plain clothe Dayton Police Officers who first unlawfully detained and held plaintiff by both wrist, before any uniformed officer arrived at Gettysburg Avenue and Little Richmond Road on the date and time in questioned. The greater the intrusion the more suspicion required justifying it under the Fourth Amendment, the greater intrusion occurred, after there was at least four searched conduct on the vehicle by the two plain clothe officers and then Mercer and another male officer.

- **The stop of a vehicle requires reasonable suspicion that a driver has engaged in traffic,** equipment **or registration violation, or**

18.

some other criminal activity. (*OFF.'s WEITZ AND MERCER never stop the vehicle and did not see a moving infraction violation being committed at 20:44/8:44pm, they both were traveling from across town on Germantown Pike and Paul Lawrence Dunbar Street in Dayton, Ohio*).

- To Expanding the scope of the stop to investigate a driver for OVI requires a reasonable suspicion that the driver's ability to operate a car is noticeably impaired by the influence of alcohol and/or drugs. (*When both OFF's. WEITZ and MERCER arrived on scene the vehicle was not moving and plaintiff was outside of vehicle*).

- An OVI investigation begins when the officer starts to focus on impairment, i.e. (1) he asks the driver to perform "pre-exit" (2) divided attention tests or (3) asks the driver to exit the car to perform Standardized SFSTs (SFSTs). (*Neither OFF.'s WEITZ or MERCER conducted any of these required procedures*).

35.    The Spoliation and defective OVI procedures did not warrant the OVI charges for operating a vehicle while impaired by alcohol (OVI). The State's Prosecuting Attorney Office cannot not demonstrate that the officers followed every step and procedures of the OVI test under **SFSTS which must be administered** in "**substantial compliance**" with the **NHTSA** standardized procedures in order for a court to consider the **probable cause** and/or to **admit any evidence** at trial. **The prosecution must prove "substantial compliance" by clear and convincing evidence**, which the officers failure to administer a breath test, when Plaintiff agreed over 12 time to take. The Prosecution and cannot prove the **three phases of OVI detection of suspicion to stop a vehicle. The NHTSA Manual** (**National Highway Traffic Safety Administration DWI Detection** & **Standardized Field Sobriety** Testing Manual contains extensive information concerning the **three phases of OVI detection, which OFF.'s WEITZ and MERCER should had complied with as followed:**

19.

- **\*\*Phase One** is "<u>vehicle in motion</u>" and "<u>**the stopping sequence**</u>".

- **\*\*Phase Two** is "<u>personal contact</u>" (observing the driver and talking to him before he is ordered out of the car) and "<u>**the exit sequence**</u>".

- **\*\*Phase Three** is "<u>pre-arrest screening</u>' (<u>SFSTs</u> and observations made during those tests). The Manual sets forth <u>various clues</u> that an officer might look for during <u>each stage of detection</u>. The officer uses his senses (<u>**sight**</u>, <u>**hearing**</u> and <u>**smell**</u>) to detect the clues. Because sensory observations are "extremely short lived" in the memory, the Manual stresses the importance of <u>**making written notes in the field**</u> and <u>**preparing narrative reports shortly after an arrest**</u>.

36.   The Plaintiff agreed, more than 12 times to take the <u>portable breath</u> <u>testing device known as PBTS</u>, during his mental meltdown, which was totally ignored, by **OFF. WEITZ** and **OFF. MERCER** at Gettysburg and      Little Richmond Road, in Dayton, Ohio. <u>The plaintiff was unlawfully</u> <u>patted down</u> and <u>searched</u>, before being placed in the back seat of **OFF. WEITZ** Cruiser the Plaintiff did give his full name and date of birth during his mental and physical meltdown. It is a material fact, <u>that at least four police officers on scene totally missed the Plaintiff's wallet/billfold that was in his left back pocket</u>, <u>during their searches</u> and <u>putt-downs.</u> [**Ex. "H"**] The Plaintiff Harrison was later, <u>arrested in the back seat and jailed for not having a live ID</u> and not for a (Mark Lane ORC 4511.33 MM); or (Reasonable Control ORC 4511.202MM) or (OVI ORC 4511.19 M-1), which the male Dayton Police Officer Mercer, by law failed to submit any of the required steps according to the SFST or NHTSA Guidelines. In fact, <u>There is only an official dispatch radio calls stating that Plaintiff Harrison was only being jailed for not having a live ID, which was obtained and recovered by the Montgomery County Sheriff Correctional Officers, which said government agents or agency of the Dayton Police Department did not marked or inventory, as personal property</u>

20.

that was seized, which was required to be noted and reported, as seized property, under the 4th Amendment to Ohio and the United States Constitutions, which was violated the Plaintiff Constitutional Rights from unreasonable search and seizures.

- *U.S. Supreme Court Brown v. Texas, <u>443 U.S. 47</u> (1979); Terry v. Ohio, <u>392 U. S. 1</u>; United States v. Brignoni-Ponce, <u>422 U. S. 873</u>. Arrests and Other Detentions.* The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

- See 3.03-4 Dayton Police Department General Order Minor Misdemeanor Citations.

## (K). <u>THE FORENSIC DOCUMENT EXPERT REQUESTED TO EXAMINE THE FALSE, FORGED AND INCOMPLETE REPORTS WAS TAKING AS BEING DENIED</u>

37. On 10/11/2023 a <u>Motion to Appoint Handwriting</u> and authenticated forensic document examiner expert and demanded that the documents and records to be carefully & properly inspected by **KATHERINE VOELKER SCHOENBERGER** a "FORENSIC DOCUMENT EXPERT", (Ex."N"), to wit the fraudulent, tampered and defacing official Court documents, named as the **UNIFORM TRAFFIC TICKET (MUTT)**. The plaintiff was demanding the original Defendants Copy to the Traffic Affidavit Complaint & Citation Ticket No.#: 2005280, and its carbon affixed copies, as evidence that were wrote on 08/16/2023, at the alleged time of 21:00/09:00pm hours, which is consistent with fraud and tampering with an official documents that were placed upon the Dayton Municipal Court (hereinafter DMC) on 08/17/2023 was on oath, which would prove the elements of intent and knowingly malice acts being committed regarding these criminal acts committed by the two

main involved **DAYTON POLICE OFFICER'S CHELSEA WEITZ** and **DORIAN MERCER,** who are both named at the same time, as the (charging, issuing and arresting law enforcement officers), for a single event, who both in fact are located at the Dayton Police Department located at 248 Salem Avenue, in Dayton, Ohio 45406, along with the **N.A.O. MEMBER CHRISTOPHER STUM,** who does not have any legal physical official authority, to be initiating any stops or traffic stops upon United States Civilians. The **N.A.O. MEMBER** had on his overhead emergency lights following from Gettysburg Ave and Blueberry St., in Dayton Ohio directly behind the plaintiff's vehicle, at or before the time of 20:43/08:43pm for the unknown undercover female police officer who was following and harassing the plaintiff. When the plaintiff seen the **N.A.O. MEMBER** overhead emergency lights on, the plaintiff stopped at Gettysburg and Little Richmond Road and waited for some time, during his meltdown, before being pulled out of the vehicle without consent, by a plain clothe Dayton Police Officer, which the Plaintiff's was unlawfully searched, now by two plain clothe Dayton Police Officers, standing on the left side of the vehicle, being held by both plain clothe officers, until two Dayton uniformed police officers pulled up, at or about 20:51/08:51pm, at Gettysburg and Little Richmond Road, in which Plaintiff was searched again, now by at least three to four police officers, before being placed in the back of **OFF. WEITZ** Cruiser with no hand cuffs on, which all the searches against Plaintiff persons, these officers all at once failed to obtain *PLAINTIFF'S BILLFOLD WALLET THAT WAS IN HIS BACK POCKET*, that had all of his current information on it, including *driver's license*, *driver bond of financial proof* and etc. These following illegal acts are all called into question under the Federal Rules of Law pursuant to the (*NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1455(a)(b)(1) (FEDERAL QUESTION OF LAW*), that exist on the merits.

22.

**(L).** **THERE WAS NO OFFICIAL TRAFFIC STOP PLACED ON VEHICLE**

38.    There was no initial traffic stop for a mark lane made by either **OFF. WEITZ** or **OFF. MERCER** on 08/16/2023, at 20:43/8:43pm. They did not have any reasonable probable cause, to incident to arrest. Plaintiff was unlawfully searched and arrested for "<u>not having a live Identification</u>", but when the Plaintiff was jailed and searched by the Montgomery County Sheriffs Correctional Officers, Plaintiff "<u>Live ID</u>" was in fact within his billfold, along with his Drivers Bond; **(Ex."H")** OFF. WEITZ & MERCERS incomplete and insufficient Defendant's Copy "Affidavit Citation Ticket Number #2005280" [ **Ex. "B"**-got "<u>ID'd</u>" wrote in on the signature line for the **Plaintiff**], which invalidate this affidavit citation to be false and not truthfully read by the two police officers, before placing into the Plaintiff personal property. [**Ex. "B-Court Record"**] <u>Ticket No. #2005280: is totally different, after the defendant affidavit copy, was submitted under the penalties of perjury and falsification. This Complaint & Affidavit Citation cannot be amended, without creating prejudicial to the Plaintiff, due to tampering, false misleading information, fraud and fraudulent misrepresentation being present, during the course of writing such information, after the fact of the sworn oath to Defendant's Copy</u>. (*This affects subject matter over Mr. Harrison persons and nullifies this affidavit in its entirety*).

**(M).** <u>2913.42 TAMPERING WITH RECORDS & EVIDENCE</u>

- (A) *No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following*:

- (1) <u>Falsify</u>, <u>destroy</u>, <u>remove</u>, <u>conceal</u>, <u>alter</u>, <u>DEFACE</u>, or <u>mutilate any writing</u>, computer software, data, or <u>record</u>;

- (2) <u>Utter any writing or record, knowing it to have been tampered</u> with as provided in division (A)(1) of this section.

- (B)(1) Whoever violates this section is guilty of tampering with records.

- (4) **If the writing,** data, computer software, or *record is kept by or belongs to a local, state, or federal governmental entity, a felony of the third degree*.

- **Ohio Rev. Code Section § 2921.12-Tampering with evidence (A)** No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:**(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation**;**(2)** *Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation*.**(B)** Whoever violates this section is guilty of tampering with evidence, a felony of the third degree.

**(N). CHAPTER 2921 OFFENSES AGAINST JUSTICE AND PUBLIC ADMINISTRATION**

- (A) **No person shall knowingly make a false statement**, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:

- (1) The statement is made in any official proceeding.

- (2) **The statement is made with purpose to incriminate another**.

- (3) **The statement is made with purpose to mislead a public official in performing the public official's official function**.

**(O). CIVIL LIABILITY FOR FALSE AFFIDAVITS**

- "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause," *(United States v. Leon, 468 U.S. 897, 914 (1984))* and "great deference" is to be given to magistrate's determination of the matter. Generally, a law enforcement officer is not expected to question a probable cause determination made by a magistrate

24.

judge. *(United States v. Krull, <u>480 U.S. 340, 349</u> (1987)).*

## (P). <u>LIABILITY FOR FALSE AFFIDAVITS</u>

- Before an arrest warrant is issued, the Fourth Amendment requires a truthful factual showing in the affidavit used to establish probable cause. *(29 Franks v. Delaware, <u>438 U.S. 154, 165-66</u> (1978)("When the Fourth Amendment demands a factual showing sufficient to compromise 'probable cause,' the obvious assumption is that there will be a truthful showing")*, because "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant," *(Kelly v. Curtis, <u>21 F.3d 1544, 1554</u> (11th Cir. 1994)(citation omitted)*, a complaint that an officer knowingly filed a false affidavit to secure an arrest warrant states a claim under section 1983 or Bivens. *(See Wilson v. Russo, <u>212 F.3d 781, 786-87</u> (3d Cir. 2000)(citation omitted)),* and, "where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, … the shield of qualified immunity is lost." *(Golino v. City of New Haven, <u>950 F.2d 864, 871</u> (2d Cir. 1991), cert. denied, <u>505 U.S. 1221</u> (1992)).*

## (Q). <u>BLACK LAW DEFINITIONS</u>

- **(1) Deception or deceit with criminal intents;** *<u>a fraudulent and cheating misrepresentation, artifice, or device, used by one or more persons to deceive and trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon. People v. Chadwick, 143 Cal. 110, 70 Pac. 884; Reynolds v. Palmer (C. C.) 21 Fed. 433; French v. Vining, 102 Mass. 132, 3 Am. Rep. 440; Swift v. Rounds, 19 R. I. 527, 35 Atl. 45. 33 L. R. A. 561, 61 Am. St. Rep. 791 ; In re Post, 54 Ilun, 634, 7 N. Y. Supp. 438; Civ. Code Mont. 1895,</u>*

- **(2) Fraudulent Misrepresentation;** Fraudulent misrepresentation is a tort claim, typically arising in the field of contract law, that occurs when a defendant makes a intentional or reckless misrepresentation of fact or opinion with the intention to coerce a party into action or inaction on the basis of that misrepresentation. To determine whether fraudulent misrepresentation occurred, the court will look for six factors:

1. *<u>A representation was made</u>*;

2. *<u>The representation was false</u>*;

3. That when made, the defendant *knew that the representation was false* or that the defendant *made the statement recklessly without knowledge of its truth*;

4. That the fraudulent misrepresentation was made with the intention that the plaintiff rely on it;

5. That the plaintiff did rely on the fraudulent misrepresentation;

6. That *the plaintiff suffered harm as a result of the fraudulent misrepresentation*. Like most claims under contract law, the standard remedy for fraudulent misrepresentation is damages.

- **(3) Fraud**; Fraud consists of some deceitful practice or willful device, resorted to with intent to deprive another of his right, or in some manner to do him an injury. As distinguished from negligence, it is always positive, intentional. *Maher v. Hibernia Ins. Co.,67 N. Y. 292; Alexander v. Church, 53 Conn. 501, 4 Atl. 103; Studer v. Bleistein. 115 N.Y. 31G, 22 X. E. 243; 7 L. R. A. 702; Moore v. Crawford, 130 U. S. 122, 9 Sup. Ct. 447,32 L. Ed. 878; Fechheimer v. Baum (C. C.) 37 Fed. 167; U. S. v. Beach (D. C.) 71 Fed.160; Gardner v. I leartt, 3 Denio (N. Y.) 232; Monroe Mercantile Co. v. Arnold, 108 Ga. 449, 34 S. E. 176*. Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantage to the one party, or to cause an inconvenience or loss to the other. Civil Code La. art. 1S47.Fraud, In the sense of a court of equity, properly Includes all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another. 1 Story, Eq. Jur.

  - **(4) Making False misleading Statements**; a statement that is a deceitful and untrue statement that is made for ulterior motives.

  - **(5) Gross Negligence**; A severe degree of negligence taken as reckless disregard. Blatant indifference to one's legal duty, other's safety, or their rights are examples.

  - **(6) Negligence.** The omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do. or doing something which a prudent and reasonable man would not do. It

26.

must be determined in all cases by reference to the situation and knowledge of the parties and all the attendant circumstances. *Nitroglycerin Case, 15 Wall. 536, 21 I\* Ed. 206; Blythe v. Birmingham Waterworks Co., 11 Evch. 7S4*. Negligence, in its civil relation, is such an inadvertent imperfection, by a responsible human agent, In the discharge of a legal duty, as immediately produces, in an ordinary and natural sequence, a damage to another. Wiart. Neg.

- **(6) Recklessness**; a term that means to be careless and indifferent to the welfare of other people.

- **(7) Act of Bad Faith**; The opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. *Hiigenberg v. Northup, 134 Ind. 92, 33 N. E. 780; Morton v. Immigration Ass'n, 79 Ala. 617; Coleman v. Billings, 89 111. 191; Lewis v. Holmes, 109 La. 1030, 34 South. 66, 61 L. R. A. 274; Harris v. Harris, 70 Pa. 174; Penn Mut. L.Ins. Co. v. Trust Co., 73 Fed. 653, 19 C. C. A. 310, 38 L. R. A.33, 70; Insurance Co. v. Edwards, 74 Ga. 230*.

## (R). PLACING FRAUD UPON THE COURT

- In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) *an intentional fraud*; (2) *by an officer of the court*; (3) *which is directed at the court itself*; and (4) *in fact deceives the court*. We further conclude that a determination of fraud on the court may be justified only by "**the most egregious misconduct directed to the court itself,**" and that it "**must be supported by clear, unequivocal and convincing evidence.**" *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir.1976) (citations omitted)*. Fraud on the court occurs when the judicial machinery itself has been tainted, such as when an attorney, who is an officer of the court, is involved in the perpetration of a fraud or makes material misrepresentations to the court. Fraud upon the court makes void the orders and judgments of that court. In *Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),* the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself

27.

and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted." Title 42 U.S.C. Section 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. For the purposes of this section, any act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

39. **WHEREFORE**, the defendant hereby demand an immediate judgment to dismiss and withdraw all charges and that the State of Ohio does not have any standing on the merits or "Jurisdiction Subject Matter Over Mr. Harrison's Persons", due to (1) fraud; (2) fraudulent misrepresentation; (3) given false misleading statements; (4) defacing an official document/affidavit/ citation/ticket #2005280 and Court Code #:5220; (5) tamper with evidence & officials documents and (6) Knowing intent to alter the Courts Record Copy and **OFC. CHELSEA WEITZ** forged the signature to the Courts Record Copy and these defective issues have rendered this case to be effectively spoiled and warrant the dismissal. The plaintiff request that said matter of action to be properly removed from the State Court's Jurisdiction to the Federal Court's Jurisdiction on the merits, pursuant to the Federal Statute of Removal, under **28 U.S. Code § 1455 - Procedure for removal of criminal prosecutions (a).** NOTICE OF REMOVAL under the federal question of law and the Denial of Rights under Color of Law 18 U.S.C. 242; 18 U.S.C. 245 & 42 U.S.C. 1983 to **ASSISTANCE PROSECUTOR**

**ALISSA SCHRINER** to be compelled again to provided "Full Discovery Pursuant to Rule 16" and any and all documents and records related to the unsubstantiated stop, based on fraud; false misleading statements and fraudulent misrepresentation with unclean hands is impeachable and perjured materials as to the following reasons that exist:

- (1). No initial traffic stop conducted on vehicle for a Mark Lane;

- (2). No probable cause existed to incident to search, seize and arrest;

- (3). Lack of summon and service upon Mr. Harrison and his persons;

- (4). Lack of name, address, zip code, SS#, offenses committed, charges, ORC statute Codes, and both the charging & issuing law enforcement officers names and signatures on the Defendant's Affidavit Citation Copy and the lack of Defendant's Signature of acknowledgement in receiving the affidavit citation (without there being a refusal to sign noted).

- (5) Lack of evidence;

- (6) Lacking subject matter jurisdiction over persons;

- (7) Failure to answer the defendants 2nd motion to compel;

- (8) Failure to provide full discovery on requested related materials;

- (9) Affected & lack of probable cause and Reasonable Suspicious to arrest;

- (10) Unlawful detainment, arrest, searches and etc.;

- (11) Government agents placing fraud upon the court;

- (12) Tampering with official's documents, records and evidence.

41.    The Asst. State Pros. Atty., has refused to turn over the Def. Orig. Complaint & Citation "Uniform Traffic Tickets" (MUTT) and other exculpatory material evidence. See DMC Docket Journal for (10/03/2023 "Motion to Compel/W Affidavit" & 10/24/2023 "Motion to Dismiss/W Affidavit" filed).

## PRAYER FOR RELIEF

42.    **WHEREFORE,** Plaintiff prays judgment to be entered in his favor against the Defendants, and each of them and request that the Dismissal of Complaint & Affidavit Citation and Case #2023-TRC-4090 is much warranted, under the federal question of law and violations.

Respectfully Submitted,

Todd Harrison (Plaintiff)
3205 Dandridge Ave
Dayton, Ohio 45406

## CERTIFICATION OF SERVICE

The undersigned hereby certify that a copy of the foregoing was duly served upon the United States District Court Southern District of Ohio Clerk of Court 200 W. Second St. Room 712 Dayton, Ohio 45402; the Dayton Municipal Clerk of Court located at 301 W. Third St., Dayton, OH 45402; to be electronically served upon The State Montgomery County Prosecutor's Office, located at 301 W. Third St. Suite #372 Dayton, OH 45402, on the day of _____7th_____, _November_, 2023 on same date as filed.

Todd Harrison (Plaintiff)

**STATE OF OHIO**
**COUNTY OF MONTGOMERY: SS**

## NOTARY ACKNOWLEDGEMENT

**IN WITNESS WHEREOF,** I hereto set my hand and seal in the State of Ohio Before me, a Notary Public for the State of Ohio, appeared the above named Affiant Todd Harrison, who acknowledged and signed the foregoing instrument with the truthfulness and his signing was at his own free voluntary will. In Testimony Whereof, I have hereto subscribed my name and affixed my seal this __7th__ day of __November__, 2023.

_(Todd Harrison Affiant)_

_(Print name)_

_(Notary Public, State of Ohio)_

_(Print name)_

My commission expires. 6/9/2024

S E A L

**To DEFENDANT: SUMMONS** You ARE SUMMONED AND ORDERED TO APPEAR
ON _____ AT 8:30 AM / 5:30 PM IN ☐ Dayton / Juvenile _____ COURT
AT ☑ 301 W 3rd St. / 380 W 2nd St. _____, Montgomery COUNTY, OHIO
☐ CITY ☐ VILLAGE ☐ TOWNSHIP

PERSONAL APPEARANCE REQUIRED: ☐ Yes ☐ No | If you fail to appear at this time and place you may be arrested or your license may be cancelled.

TICKET # 2005280 CASE # _____ REFERENCE # _____
NAME _____
STREET, CITY _____
COUNTY, STATE, ZIP _____
PHONE # _____ TEXT/PHONE NOTIFICATION APPROVED? ☐ Yes ☐ No

| OPERATOR LICENSE / STATE ID#  ☐ None | BIRTH DATE | ISSUE DATE | STATE |
|---|---|---|---|

☆ IF NO OL/STATE ID: REQUIRED DOCUMENTATION ATTACHED: ☐ Yes

| CLASS | EXPIRES | ENDORSEMENT(S)/RESTRICTION(S) | SS# (last 4 digits) |
|---|---|---|---|
| | | ☐ CDL ☐ MC ☐ OTHER: | |

| SEX | WEIGHT | WEIGHT | EYES | HAIR | RACE | FINANCIAL RESPONSIBILITY PROOF? |
|---|---|---|---|---|---|---|
| | | | | | | ☐ Yes ☐ No ☐ N/A |

**To DEFENDANT: COMPLAINT** ON _____ AT _____ AM/PM, YOU
Operated/Passenger/Parked/Walked a ☐ PASSENGER ☐ MOTORCYCLE ☐ BICYCLE ☐ OTHER:
☐ COMMERCIAL DOT # _____ ☐ 26,001 LBS. ☐ <16 Pass. Bus ☐ ≥16 Pass. Bus ☐ HAZ. MAT.
VEHICLE: YEAR _____ MAKE _____ MODEL _____
COLOR _____ LICENSE # _____ STATE _____
UPON A PUBLIC HIGHWAY, NAMELY _____ DIRECTION _____
AT/NEAR _____ (M.P. _____)
IN THE _____ OF _____ IN _____
COUNTY #: _____ STATE OF OHIO AND COMMITTED THE FOLLOWING OFFENSE(S):

A. SPEED: _____ MPH IN _____ MPH ZONE — ☐ ORC ☐ ORD ☐ T.R.
☐ OVER LIMITS ☐ UNSAFE FOR CONDITIONS ☐ ACDA
☐ RADAR ☐ AIR ☐ VASCAR ☐ PACE ☐ LASER ☐ STATIONARY ☐ MOVING

B. OVI: ☐ UNDER THE INFLUENCE OF ALCOHOL/DRUG OR ABUSE. — ☐ ORC ☐ ORD ☐ T.R.
☐ IN PHYSICAL CONTROL OF VEHICLE.
☐ PROHIBITED BLOOD ALCOHOL CONCENTRATION. _____ BAC
☐ BLOOD ☐ BREATH ☐ URINE ☐ REFUSED
PRIOR OVIs: ___ # OF PRIOR OVIs ___ YEARS OF PRIOR OVIs

C. DRIVER LICENSE: ☐ NONE ☐ NOT IN PERSON ☐ REVOKED ☐ SUSPENDED — ☐ ORC ☐ ORD ☐ T.R.
EXPIRED: ☐ <6 MONTHS ☐ >6 MONTHS ☐ FAILURE TO REINSTATE
SUSPENSION TYPE: _____

D. SAFETY BELT: FAILURE TO WEAR — ☐ ORC ☐ ORD ☐ T.R.
☐ DRIVER ☐ PASSENGER ☐ CHILD RESTRAINT ☐ BOOSTER SEAT

E. OTHER OFFENSE: _____ — ☐ ORC ☐ ORD ☐ T.R.

☐ DRIVER LICENSE HELD ☐ VEHICLE SEIZED ☐ JUVENILE TRAFFIC OFFENDER
☐ DISTRACTED DRIVING PENALTY ENHANCEMENT APPLIES

PAVEMENT: ☐ DRY ☐ WET ☐ SNOW ☐ ICE # OF LANES ___
VISIBILITY: ☐ CLEAR ☐ CLOUDY ☐ DUSK ☐ NIGHT ☐ DAWN ☐ A/V
WEATHER: ☐ RAIN ☐ SNOW ☐ FOG ☐ NO ADVERSE ☐ CONSTRUCTION ZONE
TRAFFIC: ☐ HEAVY ☐ MODERATE ☐ LIGHT ☐ NONE ☐ WORKERS PRESENT
AREA: ☐ BUSINESS ☐ FREEWAY ☐ INDUSTRIAL ☐ RESIDENTIAL ☐ RURAL ☐ SCHOOL
CRASH: ☐ YES ☐ NO ☐ ALMOST CAUSED ☐ NON-INJURY ☐ INJURY ☐ FATAL
CRASH REPORT # _____
REMARKS: _____

ACCOMPANYING CRIMINAL CHARGE(S): ☐ Yes ☐ No TOTAL # OFFENSES: ___ / ___

This summons served personally on the defendant on ___ / ___
The issuing/charging law enforcement officer states under the penalties of perjury and falsification that he/she has read the above complaint and that it is true.

| | COURT CODE | UNIT | PDA | ASN |
|---|---|---|---|---|
| | 5720 | | | |

CHARGING LAW ENFORCEMENT OFFICER _____

ISSUING LAW ENFORCEMENT OFFICER ☐ SAME AS ABOVE
ISSUING OFFICER: VERIFY DEFENDANT'S ADDRESS. IF DIFFERENT FROM LICENSE ADDRESS, WRITE CURRENT ADDRESS IN SPACE PROVIDED.
OHP 0080 01/20 HP7 110-0060-00 [760-0807]

**DEFENDANT'S COPY**



EXHIBIT "A"

---

**To DEFENDANT: SUMMONS** You ARE SUMMONED AND ORDERED TO APPEAR
ON 8/16/23 AT 8:30 AM / 5:30 PM IN ☐ Dayton / Juvenile _____ COURT
AT ☑ 301 W 3rd St. / 380 W 2nd St. _____, Montgomery COUNTY, OHIO
☐ CITY ☐ VILLAGE ☐ TOWNSHIP

PERSONAL APPEARANCE REQUIRED: ☑ Yes ☐ No | If you fail to appear at this time and place you may be arrested or your license may be cancelled.

TICKET # 2005280 CASE # 23TRC _____ REFERENCE # _____
NAME Todd Harrison
STREET, CITY 3805 Oakridge Ave
COUNTY, STATE, ZIP Montgomery OH, 45406
PHONE # _____ TEXT/PHONE NOTIFICATION APPROVED? ☐ Yes ☐ No

| OPERATOR LICENSE / STATE ID#  ☐ None | BIRTH DATE | ISSUE DATE | STATE |
|---|---|---|---|
| RP266865 | 11/19/70 | 2/14/22 | OH |

☆ IF NO OL/STATE ID: REQUIRED DOCUMENTATION ATTACHED: ☐ Yes

| CLASS | EXPIRES | ENDORSEMENT(S)/RESTRICTION(S) | SS# (last 4 digits) |
|---|---|---|---|
| D | 11/8/25 | ☐ CDL ☐ MC ☐ OTHER: | |

| SEX | HEIGHT | WEIGHT | EYES | HAIR | RACE | FINANCIAL RESPONSIBILITY PROOF? |
|---|---|---|---|---|---|---|
| M | 54 | 190 | BRO | B/O | B | ☐ Yes ☑ No ☐ N/A |

**To DEFENDANT: COMPLAINT** ON 8/16/23 AT 400 AM/PM, YOU
Operated/Passenger/Parked/Walked a ☐ PASSENGER ☐ MOTORCYCLE ☐ BICYCLE ☐ OTHER:
☐ COMMERCIAL DOT # _____ ☐ 26,001 LBS. ☐ <16 Pass. Bus ☐ ≥16 Pass. Bus ☐ HAZ. MAT.
VEHICLE: YEAR 2008 MAKE Honda MODEL _____
COLOR Black LICENSE # JZG925 STATE OH
UPON A PUBLIC HIGHWAY, NAMELY N Gettysburg DIRECTION S
AT/NEAR Little Richmond (M.P. _____)
IN THE city OF Dayton IN Montgomery
COUNTY #: 57 STATE OF OHIO AND COMMITTED THE FOLLOWING OFFENSE(S):

A. SPEED: _____ MPH IN _____ MPH ZONE — ☐ ORC ☐ ORD ☐ T.R.
☐ OVER LIMITS ☐ UNSAFE FOR CONDITIONS ☐ ACDA
☐ RADAR ☐ AIR ☐ VASCAR ☐ PACE ☐ LASER ☐ STATIONARY ☐ MOVING

B. OVI: ☑ UNDER THE INFLUENCE OF ALCOHOL/DRUG OR ABUSE. — ☑ ORC ☐ ORD ☐ T.R.
☐ IN PHYSICAL CONTROL OF VEHICLE.
☐ PROHIBITED BLOOD ALCOHOL CONCENTRATION. _____ BAC  4511.19
☐ BLOOD ☐ BREATH ☑ REFUSED
PRIOR OVIs: ___ # OF PRIOR OVIs ___ YEARS OF PRIOR OVIs

C. ☒ DRIVER LICENSE: ☐ NONE ☐ NOT IN PERSON ☐ REVOKED ☐ SUSPENDED — ☑ ORC ☐ ORD ☐ T.R.
EXPIRED: ☐ <6 MONTHS ☐ >6 MONTHS ☐ FAILURE TO REINSTATE  4511.202
SUSPENSION TYPE: _____

D. SAFETY BELT: FAILURE TO WEAR — ☐ ORC ☐ ORD ☐ T.R.
☐ DRIVER ☐ PASSENGER ☐ CHILD RESTRAINT ☐ BOOSTER SEAT

E. OTHER OFFENSE: Marked Lanes — ☑ ORC ☐ ORD ☐ T.R.  4511.33

☐ DRIVER LICENSE HELD ☐ VEHICLE SEIZED ☐ JUVENILE TRAFFIC OFFENDER
☐ DISTRACTED DRIVING PENALTY ENHANCEMENT APPLIES

PAVEMENT: ☑ DRY ☐ WET ☐ SNOW ☐ ICE # OF LANES ___
VISIBILITY: ☑ CLEAR ☐ CLOUDY ☐ DUSK ☑ NIGHT ☐ DAWN ☐ A/V
WEATHER: ☐ RAIN ☐ SNOW ☐ FOG ☑ NO ADVERSE ☐ CONSTRUCTION ZONE
TRAFFIC: ☐ HEAVY ☑ MODERATE ☐ LIGHT ☐ NONE ☐ WORKERS PRESENT
AREA: ☑ BUSINESS ☐ FREEWAY ☐ INDUSTRIAL ☐ RESIDENTIAL ☐ RURAL ☐ SCHOOL
CRASH: ☐ YES ☑ NO ☐ ALMOST CAUSED ☐ NON-INJURY ☐ INJURY ☐ FATAL
CRASH REPORT # _____
REMARKS: _____

ACCOMPANYING CRIMINAL CHARGE(S): ☑ Yes ☐ No TOTAL # OFFENSES: ___

This summons served personally on the defendant on 8/16/23
The issuing/charging law enforcement officer states under the penalties of perjury and falsification that he/she has read the above complaint and that it is true.

| | COURT CODE | UNIT | PDA | ASN |
|---|---|---|---|---|
| | 5720 | 3154 | 24525 | 318 |
| | | 319 | 24714 | 318 |

CHARGING LAW ENFORCEMENT OFFICER W. W. C. Weitz

ISSUING LAW ENFORCEMENT OFFICER P. Moran ☐ SAME AS ABOVE
ISSUING OFFICER: VERIFY DEFENDANT'S ADDRESS. IF DIFFERENT FROM LICENSE ADDRESS, WRITE CURRENT ADDRESS IN SPACE PROVIDED.
OHP 0080 01/20 HP7 110-0060-00 [760-0807]

**COURT RECORD**



EXHIBIT "B"

**OHIO DEPARTMENT OF PUBLIC SAFETY**
**BUREAU OF MOTOR VEHICLES**

## REPORT OF LAW ENFORCEMENT OFFICER ADMINISTRATIVE LICENSE SUSPENSION /
## NOTICE OF POSSIBLE CDL DISQUALIFICATION / IMMOBILIZATION / FORFEITURE

A. NAME: Todd D. Harrison
DRIVER LICENSE #: RF065965  CLASS: D  STATE: OH
CURRENT STREET ADDRESS (AS VERIFIED BY OFFICER): 3205 Dainridge Au
CITY: Dayton  OHIO COUNTY OF RESIDENCE: Montgomery  STATE: OH  ZIP CODE: 45402
DATE OF BIRTH: 11/03/76
DATE OF VIOLATION: 06/19/23  TIME OF VIOLATION: PM  PLACE OF TEST: REFUSED  VIN: NYF1868810145477
DATE OF REFUSAL OR TEST: 23  TIME OF REFUSAL OR TEST: PM  YEAR: 2003  MAKE: CHEVY  LICENSE/PLATE #: JZE8445  TYPE PLATE:  STATE
VEHICLE OWNER'S NAME: Velicefura Harrison  DATE OF BIRTH: 11/07/000  STREET ADDRESS: 3205 Dainridge Au
CITY: Dayton  STATE: OH  ZIP CODE: 45402
VEHICLE STORED AT: 1541 S. Broadway Au (Sandy's)  CITY: Dayton

BMV 2255.4/23 [760-1005]   **PUBLIC**

White / Original – BMV   Canary – Law Enforcement   Pink – Court   Goldenrod - Offender