# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TODD HARRISON, | : | Case No. 3:23-cv-00345 |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| DAYTON MUNICIPAL COURT OF OHIO, et al., | : | |
| Defendants. | : | |
| _____ | : | |
| THE STATE OF OHIO, | : | |
| Plaintiff, | : | |
| vs. | : | |
| TODD HARRISON, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS

Todd Harrison, who is proceeding *in forma pauperis* and without the assistance of counsel, filed this federal lawsuit to remove a state-court criminal prosecution to this Court and possibly to assert claims based on violations of his rights in connection with that prosecution. On August 17, 2023, Harrison was charged with three traffic offenses in the Dayton Municipal Court, Case Number 2023-TRC-004090 ("Municipal Case").[1] On

---

[1] The Court is permitted to take judicial notice of the online docket of the Municipal Case, which is available at https://clerkofcourt.daytonohio.gov/PA/TCCaseSummary.cfm (last accessed May 15, 2024).

November 17, 2023, Harrison filed a document in this Court that he referred to as both a "Complaint" and a "Notice of Removal." (Doc. No. 2.) In it, Harrison asserted that several Defendants associated with the Municipal Case violated his rights. (*Id*. at PageID 65-66.) On March 21, 2024, Harrison pled no contest in the Municipal Case and was convicted of a misdemeanor, Reckless Operation of Vehicle. That case is now closed.

Because it is unclear what relief Harrison is seeking, the undersigned Magistrate Judge will liberally construe his filing as constituting both a Notice of Removal under 28 U.S.C. § 1455 and a Complaint asserting claims under 42 U.S.C. § 1983.

This matter is currently before the undersigned Magistrate Judge for a Report and Recommendation on whether the Court should permit removal. In addition, this matter is before the undersigned Magistrate Judge for a *sua sponte* initial screen of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **SUMMARILY REMAND** this matter to the Dayton Municipal Court. In addition, the undersigned **RECOMMENDS** that the District Judge **DISMISS WITH PREJUDICE** all federal claims asserted against Defendants Dayton Municipal Court, Scheiner, Sturm, Weitz, Mercer, and Rhodes; **DISMISS WITHOUT PREJUDICE** all federal claims asserted against the remaining Defendants; and **DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION** over any and all state-law claims asserted in the Complaint.

**I.     NOTICE OF REMOVAL**

    **A.     Applicable Law**

Federal law allows a defendant who "is denied or cannot enforce" certain civil rights in a state-court criminal prosecution to remove that prosecution to federal court:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States . . . : (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1).

Notably, it is rare for a state-court criminal prosecution to be removed successfully to federal court. *E.g., Ohio v. Vincent*, No. 2:15-CV-03084, 2015 U.S. Dist. LEXIS 172199, at *5 (S.D. Ohio Dec. 28, 2015) (noting "strong presumption against removal" of criminal cases). To satisfy the requirements for removing a state-court prosecution, the defendant must make two showings. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

The first required showing is that the right at issue "arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219 (internal quotations and citation omitted). In other words, the claimed right must arise from laws "protecting against racial discrimination." *Id*. Mere allegations that the state-court prosecution is violating the criminal defendant's right to due process, or is "sham, corrupt, or without evidentiary basis," will not satisfy this first requirement. *Id*.

The second required showing is that the removing defendant "is denied or cannot enforce" the right at issue "in the court of such State." *Johnson*, 421 U.S. at 219 (quoting

3

28 U.S.C. § 1443(1)). The denial of the right usually must appear in a state constitutional or legislative provision, rather than being made in the criminal prosecution itself. *Id*.

Assuming that a removing defendant can make both of these showings, he must also comply with the procedural requirements set forth in 28 U.S.C. § 1455. He must first file a notice of removal that "contain[s] a short and plain statement of the grounds for removal" in the appropriate United States District Court. 28 U.S.C. § 1455(a). The notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the District Court permits a later filing upon a showing of good cause. 28 U.S.C. § 1455(b)(1). Significantly, the mere filing of a notice of removal "shall not prevent the State court . . . from proceeding further" with the prosecution, "except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3).

The District Court shall then promptly examine the notice of removal and order a summary remand if it "clearly appears" that removal is improper. 28 U.S.C. § 1455(b)(4). If the District Court does not order a summary remand, then it shall promptly hold an evidentiary hearing and "make such disposition of the prosecution as justice shall require." 28 U.S.C. § 1455(b)(5). In addition, if the District Court permits the removal, then it "shall so notify the State court in which [the] prosecution is pending, which shall proceed no further." *Id*.

B. Analysis

After reviewing the Notice of Removal and its attachments, the undersigned Magistrate Judge concludes that Harrison has neither made the showings required by 28

U.S.C. § 1343(1), nor complied with the procedural requirements in 28 U.S.C. § 1455. For both reasons, the undersigned recommends that this matter be summarily remanded.

The Court must begin its analysis by identifying and considering the civil rights that are allegedly being denied. Harrison asserts that the "grounds for removal" are his rights to due process and equal protection. (Doc. No. 2 at PageID 67.) He claims to have a federally protected right "to travel freely" and asserts that "no license is necessary for normal use of an automobile on common ways." (*Id*.) Harrison claims that government agents committed a litany of misconduct in the Municipal Case, including abuse of power, fraud, and tampering with evidence. (*Id*. at PageID 68.) He claims that his right to receive discoverable exculpatory material evidence was violated, and that he will not be given a fair trial. (*Id*. at PageID 70.) Finally, he claims that the police seized his property without a warrant, in violation of the Fourth Amendment to the U.S. Constitution. (*Id*.)

The rights described by Harrison are general in nature and are not based upon a federal law that prohibits racial discrimination. Harrison therefore has not made the first showing required by *Johnson*. He also has not made the second showing required by *Johnson*, because he has not identified a state legislative or constitutional provision that have denied him the claimed rights or rendered them unenforceable. For both reasons, the Court should not permit removal and this matter should be summarily remanded to the Dayton Municipal Court. *See Ohio v. Turner*, No. 22-03591, 2023 U.S. App. LEXIS 6050, *3 (6th Cir. March 14, 2023) (upholding summary remand where defendant seeking removal "did not identify a state legislative or constitutional provision that operated to deny him the civil rights afforded to him under a federal equal rights law").

5

In addition, this matter should be summarily remanded because its removal was untimely. Harrison was required to file a Notice of Removal in this Court "not later than 30 days after the arraignment in the State court." 28 U.S.C. § 1455(b)(1). The online docket of the Municipal Case shows that Harrison was arraigned on August 17, 2023. However, he did not file his Notice of Removal until approximately ninety days later, on November 17, 2023. (Doc. No. 1-2.) Summary remand is appropriate when the removal is untimely. *Turner*, 2023 U.S. App. LEXIS 6050, *3.

For all of these reasons, the undersigned Magistrate Judge concludes that "it clearly appears . . . that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Accordingly, to the extent that Harrison's filing constitutes a Notice of Removal under 28 U.S.C. § 1455, the undersigned **RECOMMENDS** that this matter be summarily remanded to the Dayton Municipal Court.

## II. INITIAL SCREEN OF THE COMPLAINT

### A. Legal Standard

Harrison requested and was granted permission to proceed *in forma pauperis* in this matter. (Doc. No. 1, granted by notation order.) Congress has recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citation omitted). To prevent such abusive litigation, Congress requires federal courts to perform an initial screen of *in forma pauperis* complaints and dismiss claims that are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

6

A complaint is frivolous if the asserted claims lack a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim has no arguable basis in law if it is based on a legal interest that clearly does not exist or if the defendant is immune from suit. *Neitzke*, 490 U.S. at 327. A claim has no arguable basis in fact if the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. When reviewing a complaint for frivolity, the Court need not accept as true allegations that are "fantastic or delusional." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also requires federal courts to dismiss *in forma pauperis* complaints to the extent that they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). Nevertheless, a *pro se* complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 (applying the *Iqbal* and *Twombly* standards to dismissals for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded

factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

**B.    Analysis**

    **1.    The Court should dismiss <u>without prejudice</u> Harrison's federal claims against Defendants Robert, Carter, Burson, Stewart, Ambrose, Huber, Lindsey, and Does 1 through 100.**

Construing Harrison's filing (Doc. No. 2) as a Complaint that asserts affirmative claims for relief, the caption names the following Defendants: Dayton Municipal Court, Christopher Robert, Christopher Sturm,[2] Chelsea A. Weitz, Dorian L. Mercer, Jason E. Rhodes, Vincent Carter, Jared Burson, Jeremy Stewart, Joseph Ambrose, Joshua Huber, Cody Lindsey, Alisha Schriner,[3] and Does 1 through 100. (*Id*. at PageID 65-66) Other than in the caption, the Complaint contains no mention of Defendants Robert, Carter, Burson, Stewart, Ambrose, Huber, Lindsey, or Does 1 through 100.

It is not sufficient simply to list defendants in the caption of a complaint. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the

---

[2] Elsewhere in Plaintiff's Complaint, this Defendant's name is given as "Stum." (*E.g.*, Doc. No. 2, PageID 76.)

[3] Elsewhere in Plaintiff's Complaint, this Defendant's name is given as "Alissa." (*E.g.*, Doc. No. 2, PageID 93.)

caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under Section 1983."). Instead, Harrison must allege specific facts with respect to each Defendant to assert a plausible claim against him or her. *Proctor v. Gilley*, No. 22-6022, 2023 U.S. App. LEXIS 13655, *3 (6th Cir. June 1, 2023) ("Proctor's claims against Gilley, Ray, and Bigelow were further subject to dismissal because Proctor merely listed those defendants in the caption and did not set forth any factual allegations against them."). Harrison has not done so.

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Harrison's federal claims against Defendants Robert, Carter, Burson, Stewart, Ambrose, Huber, Lindsey, and Does 1 through 100 be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

> 2. **The Court should dismiss <u>with prejudice</u> Harrison's federal claims against Defendants Dayton Municipal Court, Schriner, Sturm, Weitz, Mercer, and Rhodes.**

Harrison's claims against six of the named Defendants fail as a matter of law. The federal claims asserted against them should therefore be dismissed with prejudice.

***<u>Dayton Municipal Court</u>***. Harrison mentions the Dayton Municipal Court in his Complaint but does not explain his claims against it. However, a court is not an entity that is capable of being sued. Long ago, the United States Supreme Court held that a court "is not *sui juris*. A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. U.S.*, 158 U.S. 278, 284 (1895), quoted in *Malone v. Court of Common Pleas*, 45 Ohio St. 2d 245, 248 (Ohio 1976). Therefore,

9

"[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St. 2d 120, 121 (1973). The undersigned has not found any such statutory authority. Moreover, at least one Ohio appellate court has held that an Ohio municipal court is not subject to being sued. *Raheem v. Svoboda*, 8th Dist. No. 94678, 2010-Ohio-5367, P6 ("Raheem has set forth no statutory authority, nor have we found any, that indicates that the municipal court could be sued in this matter."). Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that any and all federal claims asserted against the Dayton Municipal Court be **DISMISSED WITH PREJUDICE**.

<u>**Alisha Schriner**</u>*.* Defendant Schriner is the attorney who prosecuted the Municipal Case. (Doc. No. 2 at PageID 71, 81.) Harrison alleges that Defendant Schriner failed to comply with discovery obligations and withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id*. at PageID 71.) He contends that the bill of particulars provided by Defendant Schriner was insufficiently detailed. (*Id*. at PageID 72.) Finally, he claims that Defendant Schriner made false statements in court proceedings. (*Id*. at PageID 81.)

Harrison's claims against Defendant Schriner are based entirely upon actions that she allegedly took in her official capacity as prosecuting attorney and advocate for the State of Ohio. She is therefore entitled to absolute immunity. It is well-established that "prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Cady v. Arenac County*, 574 F.3d 334, 340 (6th Cir. 2009) (quoting *Burns v. Reed*, 500

U.S. 478, 490-91 (1991) (cleaned up)). This is true even where a prosecutor allegedly committed *Brady* violations, offered perjured testimony, or falsified evidence. *Whitlock v. Brueggemann*, 683 F.3d 567, 579 (7th Cir. 2012) ("[T]he law is clear that absolute immunity applies to a prosecutor's decisions about evidence and her implementation of her Brady responsibilities."); *accord Cady*, 574 F.3d at 340 ("[C]ourts will bar § 1983 suits arising out of even unquestionably illegal or improper conduct by the prosecutor so long as the general nature of the action in question is part of the normal duties of a prosecutor." (collecting cases)). Because Defendant Schriner is absolutely immune from being sued under Section 1983, the undersigned Magistrate Judge **RECOMMENDS** that any and all federal claims asserted against her be **DISMISSED WITH PREJUDICE**.

**Christopher Sturm.** Harrison alleges that Defendant Sturm is a volunteer Neighborhood Assistance Officer ("NAO") who provides support to the Dayton Police. (Doc. No. 2, PageID 77.) On August 16, 2023, Defendant Sturm effectuated a traffic stop of Harrison's vehicle by activating overhead emergency lights and driving closely behind him. (*Id.*) Harrison alleges that Defendant Sturm "did not have a certified police officer certification" at the time.[4] (*Id.*) He also alleges that Defendant Sturm failed to respond to certain questions. (*Id.* at PageID 76.) Harrison contends that Defendant Sturm "criminally [and] knowingly act[ed] without judicial powers as a peace officer" and acted "illegally [and] within an unofficial capacity." (*Id.* at PageID 77.) Harrison claims that Defendant

---

[4] Plaintiff also alleges, among other things, that Defendant Sturm was not a peace officer and lacked powers of arrest. These are legal conclusions that the Court is not required to accept for purposes of this screening. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

11

Sturm "unlawfully infringed upon [his] Constitutional [and] Civil Rights[] by violating [his] Federal Freedom of Rights to freely travel without any intrusion." (*Id*.) Finally, Harrison contends that Defendant Sturm "deprived . . . [Harrison] from receiving [sic] the proper medical assistance[] after having a mental breakdown." (*Id*.)

Assuming *arguendo* that one or more of Harrison's claims against Defendant Sturm are plausible, all such claims are waived by his no contest plea and conviction in the Municipal Case. *See, e.g., United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) ("[A] plea of *nolo contendere* constitutes a waiver of . . . any claims not logically inconsistent with the issue of factual guilt . . . "); *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) ("[The plaintiff] is estopped by his *nolo contendere* plea from now alleging that the police officers lacked probable cause to stop him and arrest him."); *Sullivan v. Kelsey*, No. 1:21-CV-00421, 2022 WL 356540, at *2 (S.D. Ohio Feb. 7, 2022) (Bowman, M.J.) ("Plaintiff's unlawful seizure claim, malicious prosecution, and due process claims should be dismissed as he waived his right to bring these claims when he entered 'no contest' pleas in Hamilton County Municipal Court." (collecting cases)). Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that any and all federal claims asserted against Defendant Sturm be **DISMISSED WITH PREJUDICE**.

***Chelsea Weitz & Dorian Mercer.*** Harrison alleges that Defendants Weitz and Mercer are officers with the Dayton Police Department who arrived on the scene after Defendant Sturm performed the traffic stop. (Doc. No. 2, PageID 71-72.) He takes issue with the manner in which Defendants Weitz and Mercer executed their affidavits and reports, characterizing them as insufficient, incomplete and invalid. (*Id*. at PageID 72)

12

Harrison alleges that Defendant Weitz forged Defendant Mercer's signature on an affidavit and citation. (*Id*. at PageID 80.) Harrison also alleges that Defendants Weitz and Mercer did not conduct their investigation in substantial compliance with the relevant standards and, as a result, lacked probable cause to arrest him. (*Id*. at PageID 78.) Harrison claims that these Defendants made false and misleading statements in the court proceedings. (*Id*.). He also claims that they unlawfully prolonged his detention without reasonable suspension and arrested him without probable cause. (*Id*.) Because Harrison waived his federal claims against Defendants Weitz and Mercer by pleading no contest in the Municipal Case, the undersigned Magistrate Judge **RECOMMENDS** that any and all federal claims asserted against these Defendants be **DISMISSED WITH PREJUDICE.**

***Jason Rhodes***. Harrison alleges that Defendant Rhodes is a plainclothes officer with the Dayton Police Department. (Doc. No. 2 at PageID 80-81.) He alleges that after Defendant Sturm performed the traffic stop, but before Defendants Weitz and Mercer arrived on the scene, Defendant Rhodes and his partner "without consent physically opened [Harrison's] vehicle[']s driver door . . . , reached in[,] and grabbed [him] by his left pants leg and . . . wrist." (*Id*.) Harrison also alleges that "Defendant Rhodes stated that he did not know what was going on." (*Id*.) Harrison claims that he "was unlawfully physically searched" and implies that Defendant Rhodes effected an unlawful seizure when he reached into Plaintiff's car and restrained Plaintiff. (*Id*. at PageID 80-81.) Because Harrison waived his federal claims against Defendant Rhodes by pleading no contest in the Municipal Case, the undersigned Magistrate Judge **RECOMMENDS** that

any and all federal claims asserted against Defendant Rhodes be **DISMISSED WITH PREJUDICE.**

### 3. The Court should decline to exercise supplemental jurisdiction over any state-law claims.

Supplemental jurisdiction allows a court to hear state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014). Because the undersigned Magistrate Judge has recommended that all federal claims asserted in the Complaint be dismissed, the undersigned further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over any and all state-law claims.

## III. CONCLUSION

For the reasons stated, the undersigned Magistrate Judge **RECOMMENDS** that:

1. This matter be **SUMMARILY REMANDED** to the Dayton Municipal Court;

2. Any and all federal claims against Defendants Robert, Carter, Burson, Stewart, Ambrose, Huber, Lindsey, and Does 1 through 100 be **DISMISSED WITHOUT PREJUDICE**;

3. Any and all federal claims against Defendants Dayton Municipal Court, Scheiner, Sturm, Weitz, Mercer, and Rhodes be **DISMISSED WITH PREJUDICE**; and

4. This Court **DECLINE** to exercise supplemental jurisdiction over any and all state-law claims asserted in the Complaint.

**IT IS SO RECOMMENDED.**

/s/ *Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice of Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).