THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TODD HARRISON, :

    Plaintiff, :    Case No. 3:23-cv-345

v. :    Judge Walter H. Rice

DAYTON MUNICIPAL :    Mag. Judge Caroline H. Gentry
COURT OF OHIO, *et al.*, :

    Defendants.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #4) AND OVERRULING AS MOOT MOTION TO DISMISS OF DEFENDANTS DAYTON MUNICIPAL COURT OF OHIO, JUDGE CHRISTOPHER ROBERTS, CHRISTOPHER STURM, CHELSEA WEITZ, DORIAN MERCER, JASON RHODES, VINCENT CARTER, JARED BURSON, JEREMY STEWART, JOSEPH AMBROSE, JOSHUA HUBER, CODY LINDSEY, DAYTON, OHIO, POLICE DEPARTMENT, AND ALISSA SCHRINER (DOC. #5); FEDERAL CLAIMS IN PLAINTIFF'S COMPLAINT (DOC. #2) IS DISMISSED WITH PREJUDICE AS TO DAYTON MUNICIPAL COURT OF OHIO, SCHRINER, STURM, WEITZ, MERCER, AND RHODES, AND WITHOUT PREJUDICE AS TO ROBERTS, CARTER, BURSON, STEWART, AMBROSE, HUBER, LINDSEY, AND DOES 1 THROUGH 100; MATTER REMANDED TO DAYTON MUNICIPAL COURT OF OHIO; STATE LAW CLAIMS DISMISSED WITHOUT PREJUDICE TO REFILING IN STATE COURT OF COMPETENT JURISDICTION; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

    Before the Court are the Report and Recommendations of Magistrate Judge Caroline H. Gentry (Report, Doc. #4) and the Motion to Dismiss of Defendants

Dayton Municipal Court of Ohio, Judge Christopher Roberts, Christopher Sturm, Chelsea Weitz, Dorian Mercer, Jason Rhodes, Vincent Carter, Jared Burson, Jeremy Stewart, Joseph Ambrose, Joshua Huber, Cody Lindsey, Dayton, Ohio, Police Department ("DPD"), and Alissa Schriner. (Doc. #5). In the Report, the Magistrate Judge recommended that: (1) the captioned cause be summarily remanded to the Dayton Municipal Court of Ohio, to the extent that *pro se* Plaintiff Todd Harrison was attempting to remove his criminal case by captioning his Complaint as a "Notice of Removal"; (2) Plaintiff's federal claims against Defendants Roberts, Carter, Burson, Stewart, Ambrose, Huber, Lindsey, and Does 1 through 100 should be dismissed without prejudice; (3) Plaintiff's federal claims against the Dayton Municipal Court of Ohio, Schriner, Sturm, Weitz, Mercer, and Rhodes be dismissed with prejudice; and (4) this court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. #4, PAGEID 124, citing Complaint, Doc. #2, PAGEID 66). Plaintiff has not objected to the Report, and the time for doing so has expired. FED.R.CIV.P. 5(b)(2)(C), 6(d), 72(b)(2).[1]

In light of the Magistrate Judge's well-reasoned analysis and the lack of objections thereto, the Court ADOPTS the Report and OVERRULES AS MOOT the

---

[1] On May 29, 2024, mail from the Court to Plaintiff was returned to the Court as undeliverable, despite being sent to the address Plaintiff listed in his Complaint. (Doc. #2, PAGEID 65). A *pro se* plaintiff has "an affirmative duty to supply the court with notice of any and all changes in [his or] her address." *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994). Yet, there is no record of Plaintiff notifying the Court of a change in address. Thus, service and notice to the Plaintiff of the Report was complete when it was mailed to him on May 24, 2024, and the seventeen-day deadline to respond commenced on that date. FED.R.CIV.P. 5(b)(2)(C), 6(d). Additionally, the Court mailed to Plaintiff on May 30, 2024, a Notice that Defendants had filed the Motion to Dismiss. The Notice instructed Plaintiff to respond "no later than June 21, 2024." (Doc. #8, PAGEID 138). Plaintiff did not respond or otherwise move as of the date of this entry.

Motion to Dismiss. To the extent that Plaintiff is attempting to remove his state court prosecution to this Court, that matter is remanded to the Dayton Municipal Court of Ohio. Plaintiff's federal claims against Roberts, Carter, Burson, Stewart, Ambrose, Huber, Lindsey, and Does 1 through 100 are dismissed without prejudice; and his federal claims against the Dayton Municipal Court of Ohio, Schriner, Sturm, Weitz, Mercer, and Rhodes are dismissed with prejudice. The resolution of all federal claims and "values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), lead this Court to conclude any state law claims properly belong in state court. Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, 28 U.S.C. § 1367, and dismisses them without prejudice to refiling in a state court of competent jurisdiction. Judgment shall enter in favor of Defendants and against Plaintiff.[2]

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[2] The Court notes that the City of Dayton, Ohio, Police Department ("DPD") was listed as a Defendant and movant in the Motion to Dismiss. (Doc. #5, PAGEID 126). Yet, it is not apparent from the face of the Complaint that Plaintiff intended to name DPD as a Defendant separately from the individual DPD Officer Defendants, and the Report did not treat DPD as a separate Defendant. (Doc. #2, PAGEID 65; Doc. #4). However, even if Plaintiff did name DPD as a Defendant, it is well-established that a municipal police department is not *sui juris* in a civil tort action. *Nieves v. City of Cleveland*, 153 F. App'x 349, 351 n.1 (6th Cir. 2005); *Pinkins v. Mahoning Cnty. Task Force*, 2021-Ohio-2414, 176 N.E.3d 76, ¶ 20, citing *Barnes v. Cleveland Div. of Records Admin.*, 2021-Ohio-212, 167 N.E.3d 51, ¶¶ 14-16. Thus, for the same reasons that the federal claims against the Dayton Municipal Court of Ohio are dismissed with prejudice (Doc. #4, PAGEID 119-20), any federal claims against DPD must also be dismissed with prejudice.

IT IS SO ORDERED.

June 25, 2024

*[signature: Walter H. Rice]*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

4